Scott, J.
This case comes before us by the reservation of the district court of Delaware county, on the following state of facts:
Bunker, the defendant in error, had obtained a judgment against Knight, the plaintiff in error, in the court of common pleas of Delaware county, which, by lapse of time, had become dormant. On the 31st of August, 1850, he caused a writ of scire facias, to re *70 vive this judgment, to be issued, directed to the sheriff of Delaware -county, returnable on the first day of the next term; which was accordingly returned on the 15th of October, 1850 (that being the first day of the next term), indorsed “not found.”
*On the 18th of October, at the same term of court, Bunker had a second writ issued, returnable forthwith, which was returned the next day, likewise indorsed “not found.”
• Bunker, thereupon, had an award of execution and a judgment for costs entered against Knight by default, at the same October term, 1850.
Plaintiff in error prosecutes his writ to reverse this judgment; and, by his assignment of errors^ claims:
1. That a party can not take a judgment by default, upon two “nihils ” returned to the same term; or, if he can, then
2. That he can not take his judgment at the same term to which the writs were returnable.
The questions thus raised, relating, as they do, to a mode of practice which has been superseded by our code, are now of but little interest except to the immediate parties. Still, the case itself is before us, and must be passed upon.
According to the practice of the English courts, in the case of scire facias to revive a judgment, it is sometimes necessary to obtain the leave of the court to sue it out; and in its service, at one time, a return of “ nihil ” to two writs of scire facias was considered equivalent to a return of “ scire feci.” In some of the courts it was anciently the practice to sue out both of the writs at the same time. This was afterward prohibited by a general rule.
In the common pleas, it is said: “ The first scire facias should be left at the sh eriff’s office for one or two days before it is returnable, and the sheriff requested to make a return of nihil.” 1 East, 89. On the return of nihil being obtained, the alias should be sued out and left at the office four days (4 Term, 583); and, on its return, judgment might be signed and execution sued out. It was usual, under this practice, for the attorney to issue these writs, for the purpose of having them returned nihil, and to direct the sheriff accordingly. This being at length disapproved of, general rules were adopted requiring knowledge of the scire facias to be brought home to the party, unless he have absconded. 2 Chitty’s Archbold, 700. The English practice in cases of this kind would seem, therefore, to have varied from time to time, and *to have been governed *71 the rules of the several courts. At common law, a judgment in a. personal action could not be revived after a year and a day, by scire facias, but the only remedy the plaintiff had was to bring an action of debt on the judgment.
In this state, the proceedings by scire facias have been prescribed and regulated either by statute directly, or by such rules as the courts have been authorized by statute to make. Imparlances have always been governed by these rules of court.
The practice act, under which the defendant in error obtained his award of execution, provides “ that on the said writ of scire facias being returned ‘ scire feci,’ or on two writs of scire facias being returned 1 nihil,’ the defendant' shall be considered in court, and may be proceeded against accordingly.” Swan’s Stat. 1841, 672, sec. 103.
In regard to the service of process in other actions generally, the 14th section of the same act provides: “ That where the sheriff or other officer shall return the summons or other process ‘served,’ the defendant or defendants shall be considered as being in court, and may be proceeded against accordingly.”
The statute in neither case prescribes the length of time to be allowed for imparlance, nor when judgment may be taken by default; but in the 92d section of the same act, the judges of the several courts are authorized, “from time to time, as occasion may require, to make rules and orders for their respective courts ; to direct the mode of taking rules, and entering and making up judgments by default, or otherwise, in a manner not repugnant to the laws of this state; to regulate the practice of the said courts respectively, as shall be fit and necessary for the advancement of justice, and especially to prevent delay in proceedings.”
Whether the court of common pleas had established rules of pleading upon scire facias, does not appear. No such rules are shown in the case, and we are left to assume that, in the absence of any general rule, the court, in the exercise of its discretionary power, adopted and applied to the particular case such a rule as was judged to be conducive to the ends of justice, by “preventing delay in proceedings,”
*A proceeding by scire facias to revive a judgment, is only a continuation of the former suit; its object is to obtain, not an original judgment, but an award of execution on a former judgment; and the statute seeins to have designed to make it somewhat summary *72 in its character. Notice to the defendant, if out of the county, was not made necessary, nor was publication required; but upon the second return of “ nihil,” he was “ considered in court, and might be proceeded against accordingly.” No declaration was required in the case; its place was supplied by the writ.
In the case before us, the first writ was issued in vacation, and after the lapse of more than six weeks, was properly returned on the first day of the term. For the truth of the return, the sheriff was answerable. The second writ was then issued, returnable forthwith at that term, as a summons or other process might have been; and upon its return, the defendant being constructively in court, and interposing no defense, judgment was entered at the same term, but perhaps several weeks after the return of the second writ. These proceedings were less summary than the’ English practice. They do not appear to have violated any provision of the statute, or rule of the court.
In the similar case of Wolf v. Poundsford, 4 Ohio, 397, the scire facias was issued on the 22d of January, and judgment taken by default, in February, at what seems to have been the appearance term; yet neither counsel nor court appears to have regarded this as error.
We are satisfied that the record in this case discloses no such abuse of discretion as can be corrected by this court, upon error.
If the plaintiff in error was precluded, by want of notice, from interposing a meritorious defense, his remedy was by motion to the court below, supported by a proper showing.

Judgment affirmed.

Bartley, O. J., and Swan, Brinkerhoff, and Bowen, JJ., concurred.